**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **MANUEL WASHINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-2301-JAR** |
| | ) | |
| **HOULIHAN'S RESTAURANTS** | ) | |
| **INCORPORATED,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES, and APPROVED BY THE COURT, as follows:

WHEREAS, counsel and parties to the above captioned case will be given access to confidential business records and other confidential information, including information from personnel and company records; and

WHEREAS, confidential business records and other confidential, personal and sensitive information should be given the protection of an Order of this Court to prevent injury through use not in connection with the prosecution of this pending litigation and disclosure to persons other than those persons involved in the prosecution of this litigation;

IT IS HEREBY ORDERED THAT:

1.     Confidential treatment as provided below may be claimed by the parties for documents and information and any portion or summary thereof relating to the subject matter of the following types:

>        (a)     personal information concerning Houlihan's current and
>                former employees who are not parties to this litigation;

       (b)     confidential, non-public trade secret or proprietary information;

       (c)     documents concerning financial and employment matters; and

       (d)     documents of a personal and sensitive nature such as Plaintiff's medical records.

2.     Upon the production of documents in response to a request for production, and in the event that counsel should desire to copy all or any portion of a document designated as confidential, such document shall be appropriately marked "CONFIDENTIAL" or other similar mark.  Counsel may also notify the receiving party in writing which material is designated CONFIDENTIAL, using bates numbers or other means to signify the materials so designated.

3.     Documents or materials designated as CONFIDENTIAL may be shown or disclosed only to the following persons:

       (a)     counsel of record in this action and the parties in this action:   Manuel Washington, and a designated representative of Houlihan's;

       (b)     employees of counsel of record assigned to and assisting such counsel in *Manuel Washington v. Houlihan's Restaurants Incorporated*, Case No. 07-2301-JAR;

       (c)     experts and consultants provided, however, that the following procedures and restrictions are applied:

          (1)     No expert or consultant to whom CONFIDENTIAL information has been disclosed pursuant to this paragraph shall use such information except for the prosecution or defense of *Manuel Washington v. Houlihan's Restaurants Incorporated*, Case No. 07-2301-JAR; and

          (2)     Counsel desiring to disclose CONFIDENTIAL information to experts or consultants must first obtain a signed agreement to abide by Protective Order in the form of Exhibit A attached hereto from

each such expert or consultant and each of his clerical personnel who would require access to CONFIDENTIAL information, and counsel shall retain in his file the original of each signed agreement to abide by Protective Order.

(d)     A witness on behalf of, or current or former employees of, the disclosing party; or such other witness who has previously had access to the CONFIDENTIAL information or whose testimony is otherwise relevant to the claims or defenses in *Manuel Washington v. Houlihan's Restaurants Incorporated*, Case No. 07-2301-JAR; provided that, at the request of the disclosing party, such witness shall first agree on the record to abide by the terms of this Protective Order and shall sign the agreement attached as Exhibit A; and

(e)     The Court and court personnel, including court reporters at proceedings in this action.

4.     Parties having knowledge of CONFIDENTIAL information by virtue of their participation in the conduct of this litigation shall use the CONFIDENTIAL information for that purpose only, and shall not disclose such CONFIDENTIAL information to any person or persons not involved in the conduct of this litigation.

5.     Information revealed during a deposition upon oral examination may be designated CONFIDENTIAL subject to this Protective Order if the disclosing party has: (a)(1) indicated on the record or in writing at the time the deposition was taken or prior to preparation of the transcript, that portions of the deposition contain CONFIDENTIAL information; (a)(2) has instructed the court reporter prior to preparation of the transcript to indicate on the face page of the deposition that it contains CONFIDENTIAL information; or (b) has notified opposing counsel in writing within five (5) business days after receipt of the transcript that the transcript contains CONFIDENTIAL information.  All depositions, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing CONFIDENTIAL

information and subject to this Protective Order until five (5) business days have passed following receipt of the transcript.

6.      A party seeking to file CONFIDENTIAL information with the Court must first file a motion with the Court requesting leave to file the documents or information under seal. No CONFIDENTIAL information may be filed under seal unless and until leave has been granted to file the particular CONFIDENTIAL information under seal.   Any such CONFIDENTIAL information will not be used by any person (except the disclosing party or parties) for any purpose other than for discovery in this civil action, proceedings before this Court in this civil action, preparation for trial and trial of this civil action.

7.      Subject to the terms of this order, CONFIDENTIAL information may be used in testimony at trial, at any motion hearing, and at depositions, and may be offered in evidence at trial or in any motion hearing, provided that such CONFIDENTIAL information has been previously designated as an exhibit before such use to provide any opposing party an opportunity to obtain appropriate protection from the court.  If the disclosing party seeks to bar the access to any proceeding of any person who is not permitted access to CONFIDENTIAL information as defined in paragraph 4, above, the disclosing party may seek a court order to bar such person from attending any portion of trial, any motion hearing, other hearing or deposition at which CONFIDENTIAL information is revealed.   Subject to the terms of this protective order, confidential documents may be offered in evidence at any deposition, trial or hearing provided the disclosing party may designate portions of the deposition testimony as CONFIDENTIAL and may seek an appropriate order of the court to protect the confidentiality of the documents and their contents at trial.

8.      The parties agree that the identities and CONFIDENTIAL information relating to nonparties will not be used for any purpose other than the prosecution and defense of *Manuel Washington v. Houlihan's Restaurants Incorporated*, Case No. 07-2301-JAR.      No CONFIDENTIAL information may be used in other lawsuits or for any other purpose than the prosecution and defense of *Manuel Washington v. Houlihan's Restaurants Incorporated*, Case No. 07-2301-JAR.

9.      Nothing contained in this Protective Order shall preclude any party from using its own CONFIDENTIAL information in any manner it sees fit, without the prior consent of any other person or the Court.

10.      If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly disclosed, such disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  If a party has inadvertently or mistakenly disclosed information subject to a claim of immunity or privilege, upon request made by the disclosing party within ten (10) business days of discovery of such inadvertent or mistaken disclosure, the information for which a claim of inadvertent disclosure is made shall be returned within three (3) business days of such request and, all copies of inadvertently or mistakenly disclosed documents shall be destroyed. Nothing in this Protective Order is intended to operate as a waiver of any claim of privilege or immunity.

11.      If it is determined by the Court during trial that the documents identified as CONFIDENTIAL information are irrelevant to this case and are inadmissible, then all original

and copies of materials designated as CONFIDENTIAL information must be returned to the disclosing party.

12.     In the event the disclosing party determines CONFIDENTIAL information has been disclosed not in conformity with the Protective Order, the disclosing party must identify said material within ten (10) days of discovering such materials have been produced.  In the event material has been disclosed prior to the entry of this order, but is CONFIDENTIAL information as defined herein, the disclosing party has ten (10) days from entry of this order to notify the non-disclosing party in writing of the documents/materials previously produced that are CONFIDENTIAL.  This Protective Order will govern the use of said materials.

13.     A party receiving information marked CONFIDENTIAL may, within thirty (30) days of receiving such information, provide written notice to the providing party that the receiving party in good faith denies that certain documents or other materials marked as Confidential are entitled to such status and protection.  To maintain Confidential status, the proponent of confidentiality shall, within fifteen (15) days of receiving such written notice, apply to the Court for protection.  Unless the receiving party provides written notice challenging Confidential status, as set forth above, all such information so marked shall be deemed to be Confidential.

14.     This Court's jurisdiction, including jurisdiction to enforce the provisions of this Order, is terminated upon final disposition of this case. A party may, however, seek leave to reopen the case to enforce the provisions of this Order.

15.     Upon final termination of this action, whether by trial, settlement, dismissal or otherwise, counsel for the receiving party must return any and all copies of CONFIDENTIAL information, including but not limited to that disclosed in discovery, material submitted to the

court including exhibits, but not deposition transcripts and transcripts of court proceedings, in their possession, custody or control or in the custody of their authorized agents, outside experts and consultants, to counsel for the party who provided such CONFIDENTIAL information or confirm the destruction of such documents.   As to CONFIDENTIAL information reflected in computer databases or backup tapes, the receiving party shall delete all such CONFIDENTIAL information and certify the deletion to the party who provided the CONFIDENTIAL information upon termination of the action.  The non-disclosing party shall be permitted to retain deposition and trial transcripts, but must stamp such transcripts "Under Seal" and must continue to abide by all terms of this Protective Order with regard to said transcripts.

16.     Counsel for the parties shall exercise all reasonable care not to needlessly disclose such confidential information in the public record of this proceeding.

IT IS SO ORDERED:

On this 19th day of February, 2008.


s/ David J. Waxse

David J. Waxse, United States Magistrate Judge

This order agreed to by:

**LAW OFFICE OF MICHAEL F. BRADY**                    **BRYAN CAVE LLP**


/s/ Michael F. Brady                                              /s/ Karen K. Cain

   Michael F. Brady, KS #18630                          Robert J. Hoffman, KS #16453

   10901 Lowell Avenue, Suite 280                       Karen K. Cain, KS #17256

   Overland Park, KS  66210                             Seema Chawla, KS #20467

   (913) 696-0925 Telephone                             1200 Main Street, Suite 3500

   (913) 696-1468 Facsimile                             Kansas City, MO  64105

                                                 (816) 374-3200 Telephone

**MCKINNEY & ASSOCIATES, PLLC**                         (816) 374-3300 Facsimile


/s/ Camilla C. McKinney                              ATTORNEYS FOR DEFENDANT

   Camilla C. McKinney

   1100 Fifteenth Street, N.W., Suite 300

   Washington, DC  20005

   (202) 861-2934 Telephone

   (202) 517-9111 Facsimile


ATTORNEYS FOR PLAINTIFF

EXHIBIT "A"


DECLARATION OF

_____


STATE OF _____)

                               )ss

COUNTY OF _____)


          1.     My name is _____.  I live at _____.  I am employed as _____ by _____.


          2.     I am aware that a protective order has been entered in *Manuel Washington v. Houlihan's Restaurants Incorporated*, Case No. 07-2301-JAR in the United States District Court for the District of Kansas, and a copy thereof has been given to me.


          3.     I promise the documents and information given confidential treatment under the protective order entered in this case will be used by me <u>only</u> in connection with assisting counsel in preparing for litigation in the above referenced matters.


          4.     I promise that I will not disclose or discuss such confidential documents or information with any person other than the parties and counsel for the parties or members of their staff.


          5.     I understand that any use of information obtained by me for material stamped "CONFIDENTIAL" or any portions or summaries thereof, in any manner contrary to the provisions of the protective order may subject me to summary sanctions for contempt in the United States District Court for the District of Kansas.

_____

Dated: _____