## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MANUEL WASHINGTON,**

                **Plaintiff,**

**v.**

                **CIVIL ACTION**

                **No. 07-2301-JAR-DJW**

**HOULIHAN'S RESTAURANTS INCORPORATED,**

                **Defendant.**

### ORDER

Pending before the Court is Defendant's Motion to Compel (doc. 30). Defendant seeks to compel Plaintiff to fully and completely answer Houlihan's First Interrogatory Nos. 1, 4, 11, and 14. Defendant further seeks to compel Plaintiff to provide the documents requested by Houlihan's First Request for Production of Documents Nos. 2, 3, 12, 16, and 27. In addition, Defendant seeks to compel Plaintiff to supplement his Initial Disclosures to provide a computation of all categories of damages claimed and make available for inspection and copying the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

*Pro se* Plaintiff's response to the Motion to Compel was due April 14, 2008. To date, no response has been filed, and no party has notified the Court that the Motion has been resolved. The Court will therefore grant the Motion as uncontested.[1]

---

[1] *See* D. Kan. Rule 7.4 ("If a respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

Within **ten (10) days** of the date of filing of this Order, Plaintiff shall produce all documents responsive to the following: Houlihan's First Interrogatory Nos. 1, 4, 11, and 14; and Houlihan's First Request for Production of Documents Nos. 2, 3, 12, 16, and 27. In addition, Plaintiff shall supplement his Initial Disclosures to provide a computation of all categories of damages claimed and make available for inspection and copying the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered. Said production shall take place at the offices of Defendant's counsel or at any other location agreed upon by the parties.

Defendant also requests an award of the costs incurred in filing the Motion to Compel. Federal Rule of Civil Procedure 37(a)(5)(A) provides for the payment of the moving party's expenses if the motion to compel discovery is granted. Under the Rule, the court *must*, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to compel to pay the movant's reasonable fees and expenses incurred in making the motion, including attorneys' fees, unless (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust.[2]

As the Rule expressly provides, the Court may award fees and expenses under Rule (37)(a)(5) only after the Court has afforded the parties the "opportunity to be heard."[3] To satisfy this requirement, the Court directs Plaintiff to show cause, in a pleading filed with the Court within

---

[2] Fed. R. Civ. P. 37(a)(5)(A) (Rule renumbered by Dec. 1, 2007 amendments).

[3] *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed. R. Civ. P. 37(a)(4) (now numbered Fed. R. Civ P. 37(a)(5)).

2

**twenty (20) days** of the date of this Order, why he should not be required to pay the reasonable attorney fees and expenses Defendant incurred in filing the Motion to Compel. Defendant shall have **eleven (11) days** thereafter to file a response thereto, if it so chooses. In the event the Court determines that fees and expenses should be awarded, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that Plaintiff has incurred, and for the filing of any related briefs.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (doc. 30) is granted.

**IT IS FURTHER ORDERED** that Plaintiff shall produce all documents responsive to the following: Houlihan's First Interrogatory Nos. 1, 4, 11, and 14; and Houlihan's First Request for Production of Documents Nos. 2, 3, 12, 16, and 27. In addition, Plaintiff shall supplement his Initial Disclosures to provide a computation of all categories of damages claimed and make available for inspection and copying the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered. Plaintiff shall produce this information within **ten (10) days** of the date of filing of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall, within **twenty (20) days** of the date of this Order, show cause in a pleading filed with the Court, why Plaintiff should not be required to pay

the reasonable fees and expenses that Defendant has incurred in filing its Motion to Compel. Defendant shall have **eleven (11) days** thereafter to file a response thereto.

    **IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 15th day of April 2008.

                                                    s/ David J. Waxse

                                                    David J. Waxse
                                                    U.S. Magistrate Judge

cc:    All counsel and *pro se* parties